ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 30 PM 2: 16

CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TERRY BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-078 |
| ) | |
| JASON MEDLIN, Warden, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Barber v. Gunderson, CV 298-242 (S.D. Ga. Dec. 18, 1998) (failure to state a claim); (2) Barber v. Morgan, CV 298-246 (S.D. Ga. Dec. 23, 1998) (failure to state a claim); and (3) Barber v. Coastal State Prison, CV 498-215 (S.D. Ga. Sept. 17, 1998) (failure to state a claim).[1] Because Plaintiff filed a complaint that was dismissed for failure to state a claim in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

---

[1] Plaintiff has variously filed cases as Terry Barber, Terry L. Barber, and Terry LaTerrance Barber. However, the EF and GDC identification numbers - 379416 and 818101, respectively - used on the cases all connect to the same prisoner identified as the plaintiff in this case.

2

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In fact, Plaintiff's complaint primarily concerns his dissatisfaction with his placement in segregation and the attendant restrictions on his recreation privileges, and it makes no mention of Plaintiff being in any sort of danger for any reason. (Doc. no. 1, p. 5.) As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[2] (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff stated that he had not filed any lawsuits in federal court dealing with facts other than

---

[2] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 1, p. 2.)

3

those involved in this action, and he left blank the portion of complaint form requiring information about whether any other IFP lawsuit had been dismissed on the ground that it was frivolous malicious or failed to state a claim. (Id. at 2-3.)

As noted above, Plaintiff filed at least three cases that have been dismissed for failure to state a claim. The Court is also aware of a case filed by Plaintiff in the Middle District of Georgia that was dismissed without service on any defendant: Barber v. Baldwin State Prison Medical Staff, CV 598-326 (M.D. Ga. Sept. 23, 1998). Thus, Plaintiff provided false information about his prior filing history on his complaint form.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Harris v. Warden, 498 F. App'x 962, 963-65 (11th Cir. 2012) (*per curiam*); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (*per curiam*); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*).[3]

---

[3] The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia, as well as the Eleventh Circuit. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*).

4

III.  **CONCLUSION**

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.

The Court thus **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 30th day of October, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE